ISAAC SMITH *vs.* HENRY LEE, JR.

A right of way, claimed by prescription in a particular line, cannot be disproved by evidence that strangers were accustomed to cross the land in different courses.

Evidence that, since the commencement of an action against the owner of land for obstructing a way claimed over it by prescription in a definite line, the plaintiff broke down the defendant's wall and crossed the land in another direction, is inadmissible for the defendant.

A refusal to instruct the jury that the closing of a way claimed by prescription, by agreement of the claimant of the way with the owner of the land over which it is claimed, and the subsequent use of a new way instead, may be deemed evidence that it was a way of necessity, shifting at the pleasure of the owner of the land, is no ground of exception. especially if the jury are correctly instructed as to the nature of ways of prescription and of necessity.

In an action for obstructing a way by prescription, which the defendant contended was only a way of necessity and a shifting way, the court instructed the jury that if the line of a way of necessity had once been selected and adopted by the claimant of the way and the owner of the land, and had been defined, graded and conformed to by both, and travelled in uniformly by the plaintiff for a long space of time, it could not afterwards be changed at the pleasure of one party; and that a way of necessity was not always a shifting way, but if it was open, adopted and located as before stated, the parties were bound by it *Held*, that the defendant had no ground of exception.

40 *

ACTION OF TORT for the obstruction of a right of way over the defendant's land·in Beverly.

At the trial in the court of common pleas in Essex, at December term 1858, before *Perkins*, J., the plaintiff introduced evidence tending to prove his right to the way by prescription; and evidence was introduced of the following facts :

In 1845 the defendant purchased land (A.) of William C Boyden, with an understanding that a way previously used across it by the plaintiff and other owners of land to the eastward should be removed, and it was accordingly, before the delivery of the deed, and with the plaintiff's consent, removed northwardly, upon other land (B.) of Boyden, and the old way was never afterwards used by the plaintiff. In 1855 the defendant purchased the second lot (B.) from Boyden, who previously assured him that the way could be again changed; and in 1856 purchased a lot bounding these on the east (C.), and laid out a new way across it to other land of Boyden, further eastward (D.), so that, if continued across that, it would enter the plaintiff's land at the same place as the old road; and built a stone wall so as to obstruct the older ways where they entered lot D. From that time until the commencement of this action in June 1857, the plaintiff did nothing towards removing this wall, and used the new way laid out by the defendant. In April 1857 Thomas Elliott purchased lot D, and objected to the plaintiff's crossing his land.

The plaintiff offered evidence that for more than forty years last past he and his grantor had always had and used a way over the defendant's land, and, until the year 1856, in the same track at the place obstructed by the defendant; and that the change in 1845 was made by mutual arrangement of the parties interested, and a piece of new way thereby opened and constructed and adopted by the plaintiff, and in consideration thereof a part of the old way, for which the new piece of way was a substitute, was abandoned.

The defendant did not deny that the plaintiff had a right of way over his land ; but claimed that he had no right of way by prescription, and that it was a way by necessity and a shifting

way, and could be changed by the defendant so as to compel the plaintiff to go in any other convenient or reasonable way which the defendant should lay out for him over the defendant's land, entering at the same spot, and coming out at the same spot upon the plaintiff's land, and that the plaintiff had not confined himself to any particular line of travel over the defendant's land; and, in order to show this, the defendant offered evidence to prove that other persons, strangers to the plaintiff, owners of lots beyond, and others, had crossed the defendant's land in other directions; and claimed that such other way was for the time being the only way for such persons over said land. The court ruled that the defendant might show that the plaintiff and those under whom he claimed had crossed in other directions; but rejected evidence of the fact that other persons, strangers to the plaintiff, had done so.

The defendant offered evidence that, since the commencement of this suit, the plaintiff had broken down the defendant's wall and passed over his land, making the shortest cut, without regard to any part of the way, old or new — as showing what the plaintiff consented to be the custom and nature of his easement. The court excluded the evidence.

The defendant prayed the court to give the following instructions to the jury: 1st. " The plaintiff's case showing that if any old way existed, it was abandoned, the use of the new way made in 1845 is not of itself proof that the way obstructed was substituted for the old way, but may be deemed evidence that the way was one of necessity and a shifting way at the pleasure of the owners of the servient estate, provided said owner be furnished a reasonable available way over his land."

2d. " The defendant and his grantor owning all the land when the way was shifted, the defendant could shift it with his grantor's consent, if not a way by prescription, and Elliott, purchasing after the way was so laid out, and after it had been used by the plaintiff, could not object to such use of the way as laid out." This " point of request the court admitted to be true, so far as it was sustained by any facts in the case, or was applicable to any facts proved."

Upon the first point requested, " the plaintiff having admitted that the old way between the points where it diverged from the new way, had been abandoned only by the substitution of the new way of 1845 for it, the court ruled, as in *Pope* v. *Devereux*, 5 Gray, 409, that the owners of the dominant and the servient tenements might, by an executed oral agreement between them, discontinue an old way and substitute a different one, and the rights of the owner of the dominant tenement would be the same in the new way as in the old one, if such was the agreement and understanding of the parties at the time of the substitution, and the jury would determine to what extent that had in point of fact taken place here ; but as to the point that this was a way of necessity and a shifting way, the whole matter, as it had been argued to the jury by both the counsel, was left to them by the court upon such evidence as had been introduced into the case respecting it, and upon the instructions of the court as to the law affecting it."

" In reference to the defendant's claim that this was a way by necessity and thence a shifting way, the court instructed the jury as to the origin and nature of ways by necessity ; and ruled that if the line or track of a way by necessity had once been selected and adopted by both the owner of the dominant and the owner of the servient tenement, and had been defined, graded, conformed to by both parties, and travelled in uniformly by the owner of the dominant tenement, for a long space of time, it could not afterwards be changed at the pleasure of one of the parties ; and that a way of necessity is not always a shifting way, but after it is open, adopted and located as above suggested, the parties are bound by it."

The court also instructed the jury that the plaintiff could not recover without proving an adverse and uninterrupted use and enjoyment for twenty years of a right of way by prescription ; and left it to the jury to determine whether the plaintiff had accepted the new way laid out by the defendant in 1856, and had abandoned the way alleged by him to have been obstructed by the defendant.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*L. Saltonstall,* for the defendant. 1. Evidence that third persons had gone over the defendant's land in another direction than either of the old ways, should have been admitted, as tending to show that such other way was for the time being the only way over the land. *Pope* v. *Devereux,* 5 Gray, 409.

2. Evidence that, after the commencement of this action, the plaintiff had broken down the defendant's wall and passed over his land, without regard to any part of the former ways, was admissible to show what he considered to be the nature of his easement. His acts were of greater force than verbal admissions, which would have been competent evidence. *Strong* v. *Wheeler,* 5 Pick. 410. *Lambert* v. *Craig,* 12 Pick. 199. *Farmer* v. *Platt,* 8 Pick. 339. *Miller* v. *Bristol,* 12 Pick. 553.

3. The defendant's prayer that the jury be instructed that the change of way was evidence tending to show the nature of the easement was not met by the ruling that the parties had a right to change the way. The other instructions of the court did not touch this point. *Morse* v. *Copeland,* 2 Gray, 302.

4. The line of a way of necessity, after being located by owners of both tenements, may be changed by the owner of the servient tenement, upon his providing another convenient way. The instructions of the court upon the nature of a way of necessity were erroneous in this respect, and too indefinite upon the length of use to fix it by metes and bounds forever. *Morse* v. *Copeland,* 2 Gray, 302. *Russell* v. *Jackson,* 2 Pick. 574. *Atkins* v. *Bordman,* 20 Pick. 291, and 2 Met. 457. *James* v. *Dods,* 2 Cr. & M. 266. *Holmes* v. *Goring,* 2 Bing. 76. Gale & Whately on Easements, 79, 82.

5. The ruling of the court upon the second point requested by the defendant was not sufficiently explicit. The objection of Elliott to the plaintiff's passing over his land was very material to the plaintiff's case; and if Elliott had no right in law to make it, the defendant had a right to a clear and positive ruling to that effect.

*S. B. Ives, Jr.* for the plaintiff.

MERRICK, J. This is an action of tort to recover damages for an alleged obstruction of the plaintiff's way over and across the land of the defendant. It appears from the statements in the bill of exceptions that there was no controversy at the trial in relation to the general question whether the plaintiff had a right of way over the land; but that the precise point in issue between the parties was, whether the way to which the plaintiff had become, as he alleged, entitled by prescription, was in a certain place and in a definite course and line of travel; or was a way by necessity, shifting and changeable in its course at the mere will of the defendant, who could, in the exercise of his power and right of control in this respect, confine and restrict the plaintiff to the use and enjoyment of any convenient and reasonable way which should thus from time to time be laid out for him.

To establish this last proposition, and to show that the plaintiff had not confined himself to any particular line of travel over the defendant's land, he offered evidence to prove that other persons had gone over it in different directions, and that the place where they travelled was for the time being the way for such persons and for the plaintiff. This evidence was rejected by the court, and the ruling, we think, was perfectly correct. The acts of strangers could, upon no just principle, defeat or qualify his right. He claimed a definite and particular way, acquired by a course of uninterrupted use and enjoyment for a period of more than forty years by himself and those under whom he claimed; and any title thus acquired could not be affected by any use or forbearance on the part of those for whose acts and course of proceeding he was in no respect responsible.

This case differs very widely from that of *Pope* v. *Devereux*, 5 Gray, 409, cited at the argument. There one of the parties having first undertaken to show the existence of a beaten and visible track across certain lands, and then to deduce therefrom that he and those with whom his rights were connected had acquired a right of way there, the other was allowed to prove, for the purpose of refuting the correctness of this infer-

ence and of controlling the effect of the evidence produced against him, that many other people were in the habit of crossing the field, and generally, though not uniformly, in the same visible path. The defendant in this case had no such object in view. His purpose was to maintain that the plaintiff was not entitled to a way in a particular place. This certainly would not be done by the most decisive proof that other parties, entire strangers to him and his title, passed over the land when they had occasion to do so in other and different courses and lines of travel. All evidence to this effect was therefore rightly excluded.

It appears further from the bill of exceptions, that in the year 1845 the defendant constructed a new way on the northerly part of his land as a substitute for the old way by and along the shore, to which the plaintiff insisted that he and those under whom he claimed had acquired a right; and that this substituted way was assented to and agreed upon by both of the parties, and continued to be used without interruption by the plaintiff until the time of the alleged obstruction of which he complains. The defendant requested the court to instruct the jury that use of the new way by the plaintiff was not proof of its substitution for the old way claimed by him, but might be deemed proof that the plaintiff's right was a way by necessity, and was a shifting way at the pleasure of the owner of the land. The defendant complains that this request was not complied with, and that the desired instruction was not given to the jury. But upon the facts reported there was no occasion for the application of a part of that proposition, if it was a correct statement of the law, and no propriety in prescribing the residue as a rule for the guidance of the jury. It does not appear that the plaintiff proposed that the jury should, or suggested that they could, infer or deduce from his use of the new way the conclusion that it was a substitute for the old one ; and therefore there was no reason why the first part of the proposed instruction should have been given. And it seems impossible that this use, which was the result of the mutual assent of the parties, should be regarded as affording

any proof or evidence that the way to which the plaintiff claimed to be entitled was a way of necessity, or changeable at the will of the owner of the land. When a right of way in a certain locality exists, it may be changed by the verbal agreement of the parties in interest; and when the change is actually made, and a new way is thus adopted by them, it fixes and determines their respective rights. A bargain and agreement by two parties, to do a particular act affecting and qualifying in any material respect their individual rights, has surely no tendency to show that one of them may do the same thing to the disadvantage of the other, without his assent or permission. *Larned* v. *Larned*, 11 Met. 421. But still further to show that there was no occasion for or propriety in the desired instruction, it appears that the whole matter respecting a way by prescription and a way by necessity was submitted under unobjectionable instructions in relation to their character, and the manner in which they might be created, to the jury, who upon the whole evidence found that the plaintiff was entitled to a way by prescription.

In all other particulars the several requests made by the defendant appear to have been directly or substantially complied with; and we cannot find that there was any irregularity in the course of the trial, or any misdirection to the jury. The defendant has therefore no just cause of objection, either that evidence was excluded which should have been received, or that instructions were withheld which ought to have been adopted; and his exceptions must accordingly be overruled.

*Exceptions overruled.*